DECISION
Plaintiff appeals concerning certain real property assessments for property identified as Account R35761for the 2007-08 tax year.
A trial was held on December 11, 2008. John S. Truesdell II, Trustee, represented Plaintiff. Jim Kolen, Assessor, and Gary Hill, staff appraiser, appeared for Defendant.
 I. STATEMENT OF FACTS
The subject property is a single-family residence located at 29000 Vizcaino Court in Gold Beach, Oregon. The real market value (RMV) and maximum assessed value (MAV) alleged at trial were:

 RMV MAV
Assessor $649,110 $276,140
Plaintiff $410,000 $167,403

Construction of the subject property was completed in 2006. Therefore, "exception value" is added for those additions after the earlier January 1, 2006, assessment date. The current assessment sets that exception value at $134,740. *Page 2 
Defendant examined four sales that occurred during 2006, immediately prior to the assessment date. Two were improved properties with the same ocean-front influence. The other two were located nearby but without the direct beach frontage influence; they sold for $430,000 and $440,000 respectively. That is more than the RMV sought by this owner with a much superior property and location. (Def s Ex C at 6.)
All four properties presented by Defendant were examined in detail at trial. For the improved sales, prices varied from $624,750 to $702,000. After adjustment, the range was narrowed to $649,040 to $649,620. Minimal adjustments for differences were made by Defendant. All necessary components were accounted for in the sales comparison grid. (Def s Ex C at 2.)
Plaintiff places major reliance on their acquisition of the subject property. The price was negotiated in early 2004 or before. That was before any construction began. The trustees signed a purchase contract in June of 2004, for a stated consideration of $410,000. Earnest money was paid in the amount of $10,000. However, the exchange did not close, possession was not taken, and the deed was not a matter of record until much later. The certificate of occupancy was issued on June 30, 2006. The deed was recorded on July 5, 2006.
Plaintiff also offered some other information regarding the assessment levels of other properties. Certain inconsistencies and variations were highlighted.
 II. ANALYSIS
The trial presentation focused on these three major points: (A) real market value; (B) 2006 construction; and (C) uniformity of assessment. *Page 3 
A. Real Market Value (RMV)
The parties disagree as to many things. This court is not required to resolve them all. As to the base RMV, the evidence favors Defendant. Both parties cite to the case of Kem v. Dept. of Rev., 267 Or 111, 114,514 P2d 1335 (1973). In that dispute, the court held:
 "If the sale is a recent, voluntary, arm's length transaction between a buyer and a seller, both of whom are knowledgeable and willing, then the sales price, while certainly not conclusive, is very persuasive of the market value." (Citations omitted.)
To the court, the key words in that citation are if the sale is []recent. Here, the negotiated price is not recent; it is several months prior to the assessment date of January 1, 2007. Therefore, if it is to be used, a substantial time adjustment is necessary. Plaintiff argued for no increase in value. That might be the case in times of flat or declining prices. The evidence demonstrates that values were indeed rising during the period prior to the assessment date. The court finds that the negotiated price in 2004 was not reflective of the true RMV for the 2007-08 tax year. Defendant's evidence and analysis is superior.
B 2006 Construction
The January 1, 2007, assessment must be adjusted to account for new improvements. ORS 308.153[1] governs that process. Plaintiff argues for a multiplier of 40.83 percent. Defendant applied a larger sum. The main difference between the parties lies in where the data was collected. Plaintiff computed its data after the assessment date and used the ratio of assessed value to RMV within his own small subdivision; the sample was small. Defendant used sales of similar properties from across the county as a whole. It would be impractical, if not impossible, for the change property ratio to be computed on a microscopic basis. Plaintiffs arguments have *Page 4 
no basis in law. Indeed, the proper base for average RMV analysis is the entire appraisal district. ORS 308.149(2); 308.149(4)(a).
C. Uniformity of Assessment
Plaintiff points to disparity in MAV levels. It is clear that uniformity of assessment is no longer a priority. Plaintiff?s arguments regarding uniformity have previously been rejected by the court as a basis for modifying the MAV. In Taylor v. Clackamas County Assessor (I), the Tax Court held:
 "It is important to point out that maximum assessed value is an arbitrary limit. It is possible that section 11 will, over time, result in nonuniform property taxation. The drafters of Measure 50 recognized that because they expressly provided that Article I, section 32, and Article IX, section 1, of the Oregon Constitution, both of which address the issue of uniformity in taxation, do not apply to section 11. Or Const, Art XI, § 11(18). If the voting public approved a scheme that may result in nonuniform taxation, then they implicitly accepted the notion of some degree of "unfairness.? That is, by providing for taxation of property at the lesser of maximum assessed value or real market value, they accepted all of the potential inconsistencies and lack of uniformity in between."
 14 OTR 504, 511 (1999) (Decision withdrawn on other grounds.)
 The court reiterated its holding on the uniformity issue in Ellis v. Lorati, stating:
 "The court recognizes that in one sense MAV is somewhat artificial or arbitrary. That is inherent in the overall scheme of [Measure 50]. The concept may, over time, result in various degrees of nonuniformity in the property tax system. Section 11(18) [of the Oregon Constitution] contemplates this and excuses itself from complying with other constitutional provisions requiring uniformity * * * ."
 14 OTR 525, 535 (1999).
It is true that there are dramatic assessment differences between the subject property and similar properties. With the voters? preferences stated above, that situation is permissible and common. *Page 5 
 III. CONCLUSION
Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs appeal is denied.
Dated this_______ day of February 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on February12, 2009. The Court filed and entered this document on February 12,2009.
[1] All references to the Oregon Revised Statutes (ORS) are to 2005. *Page 1